### CECIL M. JACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14995, 17662.   Promulgated October 2, 1928.

*A. C. Humphreys, Esq.,* and *C. A. Gwinn, Esq.,* for the petitioner.
*Clark T. Brown, Esq.,* for the respondent.

OPINION.

PHILLIPS: The facts follow the stipulation of the parties except that the substance of certain contracts attached as exhibits have been set out rather than the whole thereof. We are of the opinion that the Commissioner was in error in refusing to allow as a deduction the expenses of attending meetings and conventions of medical societies. *Marion D. Shutter*, 2 B. T. A. 23; *Alexander Silverman*, 6 B. T. A. 1328. In *Everett L. Lain*, 3 B. T. A. 1157, on which the respondent relies, it was necessary to affirm the action of the Commissioner for lack of proof of the amounts expended in attending professional conventions.

Petitioner contends that he is entitled to deduct from gross income for 1923 the amount of $15,374.34, representing one-half of the difference between the amounts of accounts receivable as shown on the books of the partnership on June 10, 1920, the date of the termina-

tion of the partnership, and the amount collected on said accounts between June 11, 1920, and December 31, 1923.

It is petitioner's contention that his associate, Dr. Brown, owned one-half of the accounts receivable of the partnership and that on dissolution petitioner purchased his interest therein, paying therefor their face value. It is the difference between this alleged cost of purchase and the amount realized to the close of 1923 that is sought as a deduction. We have difficulty in arriving at the conclusion that the petitioner paid Dr. Brown or his estate one-half of the face value of the accounts for his interest, but even if this difficulty is considered as overcome, we are of the opinion that petitioner has failed to establish that he is entitled to the deduction claimed either as a loss sustained in that year or as debts ascertained to be worthless and charged off. The expression " losses sustained " means actual losses. No final disposition of the accounts took place in 1923. There is no evidence that they were lost in that year or that petitioner sustained a loss on account of them in that year. We can not assume that all accounts uncollected at the end of 1923 had become valueless. Neither is the sum contended for deductible as a worthless debt in that year, for there is no evidence that any of the accounts were worthless in 1923 or that petitioner ascertained any part of them to be worthless in that year and charged them off.

Reviewed by the Board.

*Decision will be entered under Rule 50.*